IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>vs.<br><br>SYLVESTER ZUGRAV, ET AL.,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER REGARDING CONDITIONS OF RELEASE<br><br>Case No.  2:11CR879DAK<br><br>Judge Dale A. Kimball |

       This matter is before the court on Defendant Sylvester Zugrav's Motion to Amend Magistrate Judge Alba's March 19, 2012 order continuing Defendant's pre-trial GPS monitoring as a condition of release.  The court held a hearing on the motion on April 25, 2012.  At the hearing, Defendant was represented by John L. Brownlee and William Gould, and the United States was represented by Edward Sullivan.  The court heard argument and took the motion under advisement.

       Defendant's conditions of release were initially set by Judge Sam in Case No. 2:11CR731DS.  In that case, Defendant agreed to abide by any conditions of release necessary to avoid detention pending trial.  In two previous orders in this case, Magistrate Judge Alba has continued Defendant's conditions of release imposed by Judge Sam in the prior case.  In this Motion to Amend, Defendant seeks to amend the conditions of release to discontinue the required GPS monitoring.

       A defendant is entitled to file a motion to amend a magistrate judge's conditions of release

order under 18 U.S.C. § 3145(a)(2) with the assigned district judge. Under 18 U.S.C. §3142(g), the court considers factors to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include the nature and circumstances of the offense, the weight of the evidence, the history and circumstances of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Defendant disputes the weight of the evidence against him, argues that no other defendant in this case is required to wear a GPS device, and claims that the GPS monitoring device on his leg is causing him problems with exercising. Defendant's arguments regarding the weight of the evidence are merely self-serving argument at this stage of the case. Claiming that a co-defendant is a liar does not demonstrate that the government has a weak case against Defendant. The government claims to have documents seized from Defendant's home to support its case. The court also finds Defendant's arguments that the device should be removed because he has not had any violations unpersuasive. If Defendant had any such problems, he would be ordered to be detained. The fact that the GPS has been effective as a condition of release is not an argument for removing it. Defendant also argues that since his wife's GPS monitoring device has been removed, she has been fully compliant. However, the court does not believe her compliance demonstrates that the couple would be compliant if neither of them had a GPS device. The court sympathizes with Defendant's health problems, but believes that there are measures he can take to relieve the problems associated with the device on his leg. Although Defendant downplays his foreign ties, they are extensive and are the court's main concern. Defendant has the resources and international ties that would allow him to leave the country. Accordingly, the court denies

Defendant's motion to amend his conditions of release.

DATED this 30th day of April, 2012.

BY THE COURT

_____
DALE A. KIMBALL
United States District Judge